[Crim. No. 4566. In Bank. Sept. 5, 1944.]

THE PEOPLE, Respondent, v. ROLLIE LEE ANDERSON, Appellant.

No appearances.

THE COURT.—Defendant was charged by an information filed by the District Attorney of Lassen County with the murder of a young boy on April 30, 1944. Defendant entered a plea of guilty to the charge and thereafter the court took evidence to determine the degree of the offense. Judgment of murder in the first degree was entered on May 22, 1944, imposing the death penalty. This appeal is automatically taken pursuant to section 1239(b) of the Penal Code.

The crime was committed in the town of Westwood, Lassen County. According to the evidence developed by the prosecution witnesses, defendant, formerly a barkeeper, lived in a rooming house in Westwood. About five o'clock in the evening of April 30th he met one Evans in the Westwood Club and told him that he had found a dead boy in his room earlier in the day and that the body was still there. The two men then went to defendant's room and on the way, defendant twice made the statement that he knew it was the ''gas chamber for (him) this time.'' He also told Evans not to ''call the officers until ten o'clock,'' at which time he would ''have everything fixed.'' The body of the child was found in the room

as defendant had stated, whereupon Evans induced defendant to call the police officers. In response to the officers' queries, defendant told them he did not know who the boy was and that he had not seen him before that evening. Bedding that had been washed was drying in the room when the officers arrived. The floor had recently been washed in places. In other places, spots of blood were found. Blood-stained undergarments belonging to defendant, one of which had recently been washed and was still damp, were found in the bureau drawer with a child's under-garment. Some of the bedding was missing from the bed, and the child's body was clothed with outergarments but was without underclothing.

Death was found to be caused by shock. The medical examination of the body disclosed wounds of such a nature as to point to the perpetration of acts of sexual abuse of the boy. Other medical evidence, supported by laboratory findings, confirmed the fact that such an offense had been accomplished. In addition to the injuries just referred to, there were other wounds of a superficial nature on the abdomen.

Shortly after his arrest defendant, in the presence of law enforcement officers, made a confession that was reduced to writing and was signed by him. The confession contains statements that about six or six-thirty on the evening of April 30th, defendant met the boy in the Westwood Club, at which time the latter was looking for his father; at defendant's request the boy accompanied defendant to his room; from that time on defendant did not clearly remember what took place as his mind was "not exactly clear," although he recalled stabbing the boy with a fingernail file several times, some of the blows being aimed at his abdomen; later when defendant realized that the boy was dead, he placed the body on the floor, washed the blood stains from the articles that the police officers had found drying in his bedroom, locked the door, and returned to the club, where he met Evans. The confession concludes with the statement that defendant told the officers he "was guilty of killing a little boy and wanted to get it over with."

Defendant declined to put on any evidence in his behalf at the hearing to determine the degree of the crime. There was no cross-examination of prosecution witnesses, and the confession was introduced in evidence without opposition.

Prior to and at the trial, defendant was fully apprised of all his rights in the premises by the court and by his counsel. A fair hearing was had, and the evidence, including the confession, affords overwhelming proof that defendant was guilty of causing the death of which he was accused.

The judgment is affirmed.